JOSEPH C. HOBSON et al., *Appellees*, V. THE OCCIDENTAL
MUTUAL BENEFIT ASSOCIATION, *Appellant*.

No. 17,669.

SYLLABUS BY THE COURT.

BENEFIT ASSOCIATION CERTIFICATE ASSESSMENTS—*Forfeiture.*   A
benefit association issued a certificate June 15, in considera-
tion of the payment required of one to become a member, he
agreeing to pay all assessments and dues as they should be
levied, the certificate to become null and void if assessments
should not be paid on or before the first day of the month
following the levy.   The member paid the assessments levied
on the first of each succeeding month, including January.   On
February 3, through an agent, he tendered the dues and as-
sessment for one month, which were refused because not
accompanied with a health certificate.   February 10 another
tender was made, followed by a similar refusal.   After
February 2 the member was unable to furnish a health cer-
tificate.   The by-law in force when the certificate was issued
required monthly payments on or before the first of each
month:

"No. 1 of each year shall be due on or before the 1st of
January.   No. 2, on or before the 1st of February, and in like
manner on or before the 1st of each month."

Later this was amended to read:

"Monthly payments shall be payable on or before the 1st
of each month.   No. 60 for January, 1905, shall be due on or
before the 1st of February of each year and in like manner
on or before the 1st day of each month."

*Held*, that as the member had paid the January assess-
ment, and had tendered the February assessment (payable
on or before March 1) on February 3 and February 10, he
was not in default.

Appeal from Saline district court.   Opinion filed
June 8, 1912.   Affirmed.

*David Ritchie*, of Salina, for the appellant.
*J. O. Wilson, Frank T. Knittle*, and *Burch, Litowich
& Mason*, all of Salina, for the appellees.

The opinion of the court was delivered by

WEST, J.: John A. Hobson became a member of the Occidental Mutual Benefit Association in June, 1904, and paid dues and assessments up to and including December 31. On February 3, 1905, through his agent, J. C. Hobson, he tendered to the local secretary the dues and assessments for one month, which were refused for the reason that they were not accompanied by a health certificate. On February 10 another tender was made, followed by a similar refusal. At all times after February 2 he was suffering from a malady which caused his death on October 16, and was unable to furnish a health certificate. A section of the by-laws for the year 1902 provided that:

"Monthly payments shall be payable on or before the first of each month. No. 1 of each year shall be due on or before the 1st of January. No. 2, on or before the 1st of February, and in like manner on or before the 1st of each month."

In 1904 this was amended so as to read:

"Monthly payments shall be payable on or before the 1st of each month. No. 60 for January, 1905, shall be due on or before the 1st of February of each year and in like manner on or before the 1st day of each month."

Another section provided that the certificate of each member who had not made such monthly payments on or before the first day of the month should, by reason of such nonpayment, stand suspended, and no action of the chapter or any other officer should be necessary to work suspension. Another, that a member so suspended might be reinstated, if in good health and not engaged in any of the prohibited occupations, by payment of all arrearages within sixty days from date of suspension accompanied by a health certificate.

The question in the case is whether Hobson was in default for nonpayment of the amount due on or before February 1, 1905. It is contended by the plaintiffs

that he was not and by the defendant that he was. The record kept by the secretary showed assessments of ninety-two cents levied on July 1, and on the first of each succeeding month, including January. The third subdivision of the certificate provided that:

"This Certificate is issued . . . and also in consideration of the payment made when admitted as a member in prescribed form, and he agrees to pay all assessments and dues that may be levied during the time he shall remain a member of this Association."

The fifth subdivision provided that:

"If payments assessed against the person named in this Certificate are not paid to the local secretary on or before the first day of the month following the levy of the same, then this Certificate shall be null and void."

A receipt, dated December 31, 1904, showed the payment of ninety-two cents "for Month ending Feb. 1, 1905." This together with the amended by-law practically demonstrates that the assessment levied January 1 was for the month of January and would be due and payable on or before February 1. It can hardly be supposed that after paying the sum requisite to become a member on June 15, the assessment made on the succeeding July 1, was for the protection afforded by the certificate for June. On the contrary it naturally and reasonably appears to have been for the July protection. The assessment was ninety-two cents each time, and it can not be presumed that the association deemed this sufficient for each succeeding month's protection and required the same amount for one-half of the June protection, in addition to the payment required on becoming a member. The call for assessment No. 61 for February was by its terms payable any time during the month of February, and the receipt of December 31 for the month ending February 1 was followed by a notice that unless the next monthly payment should be made on or before February 1 the insurance would lapse.

But it is difficult to see how an assessment for February must be paid on or before February 1, in the face of a by-law expressly providing that the assessment for any month should be paid on or before the first of the next month. Counsel for the association argues that to hold it to this meaning of the amended by-law is to require a gift to the member of one month's assessment. We think, however, that the contrary holding would require one month's double assessment to be paid by the member. We regard the amended by-law as not only valid and fair, but consistent with the provisions of the certificate. The tenders having been refused for want of an impossible health certificate the member was not in default, for the reason that the association had by the ground of its refusal made further tenders futile and further payments impossible.

The court refused to instruct the jury to return a verdict for the defendant, and charged in accordance with the views herein expressed. A complaint concerning one ruling on evidence is without merit.

The judgment is affirmed.

BURCH, J., not sitting.